People v Martinez (2023 NY Slip Op 50301(U))

[*1]

People v Martinez (Nicholas)

2023 NY Slip Op 50301(U)

Decided on March 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2021-672 S CR

The People of the State of New York, Appellant,
against
Nicholas Martinez, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.

Scott Lockwood, for respondent.

Appeal from an order of the District Court of Suffolk County, First District (James A. Saladino, J.), dated October 7, 2021. The order granted defendant's motion to vacate judgments of conviction under docket numbers CR-023562-21SU and CR-023565-21SU and, upon such vacatur, to dismiss in furtherance of justice, pursuant to CPL 170.40, the simplified traffic informations which had commenced these two actions in the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (under docket numbers 181001466 and 180702405, respectively).

ORDERED that the order is reversed, on the law, and defendant's motion to vacate the judgments of conviction under docket numbers CR-023562-21SU and CR-023565-21SU and, upon such vacatur, to dismiss in furtherance of justice, pursuant to CPL 170.40, the simplified traffic informations which had commenced these two actions in the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency is denied.
On July 5, 2018, defendant was charged, under Suffolk County Traffic and Parking Agency (SCTPVA) docket number 180702405, with various traffic infractions. He pleaded guilty to the charges and the court sentenced him to pay various fines by February 22, 2019. On [*2]September 29, 2018, defendant was charged, under SCTPVA docket number 181001466, with various additional traffic infractions. He also pleaded guilty to those charges and the court sentenced him to pay various fines by April 12, 2019. Defendant failed to pay the fines imposed and, on September 4, 2019, civil judgments were filed against defendant for the unpaid fines and corresponding fees, and defendant's driver's license was suspended. 
On November 1, 2019, defendant was charged, under District Court of Suffolk County docket number CR-053781-19SU, with two misdemeanors—failure to surrender license or registration (Vehicle and Traffic Law § 340 [a]) and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]). By notice of motion dated August 3, 2020, defendant moved, in the District Court, for an order transferring SCTPVA docket numbers 180702405 and 181001466 to the District Court of Suffolk County "for resentencing, pursuant to CPL 420.10 (5), and consolidating those cases with [District Court docket number CR-053781-19SU] for all purposes, including for the purpose of a resentencing of the defendant." 
In an affirmation in support of the motion, defense counsel explained that, in the case that was before the District Court, defendant had been offered a plea reduction to a traffic infraction (Vehicle and Traffic Law § 511-a) in satisfaction of the two misdemeanor charges, which was conditioned on defendant "clear[ing] his driver's license of any suspensions or revocations." Consequently, counsel asserted that he was seeking to transfer the SCTPVA matters to the District Court so that the license suspensions could be lifted and defendant could obtain this disposition. In opposition, a traffic prosecutor for the SCTPVA (see General Municipal Law §§ 370-a [2]; 374 [a]) argued that there was no legal basis for the transfer, resentencing, and consolidation, as the District Court does not have the authority to compel the SCTPVA to transfer closed cases to it for resentencing or for any other purpose. 
In an order dated October 26, 2020, the District Court granted defendant's motion as follows: "the motion for consolidation is granted; and the matters . . . are consolidated with this matter; and . . . the [SCTPVA] is further directed to immediately transfer all files, documents and papers related to such violations to the Chief Clerk of District Court for the County of Suffolk." The District Court assigned docket number CR-023562-21SU to SCTPVA docket number 181001466 and docket number CR-023565-21SU to SCTPVA docket number 180702405.
By notice of motion dated July 12, 2021, defendant moved, in the District Court, for "an order, pursuant to [CPL] 170.40 [], dismissing" SCTPVA docket numbers 180702405 and 181001466 "and ordering the [SCTPVA] to vacate the judgments previously filed with the County Clerk for the County of Suffolk . . . along with ordering the [SCTPVA] to lift the license suspensions pending under those two dockets for failing to pay." In an affirmation in support of the motion, defense counsel argued that the two SCTPVA matters should be dismissed in furtherance of justice because the SCTPVA had failed to comply with the District Court's October 26, 2020 order and transfer the two files. The same traffic prosecutor for the SCTPVA who had opposed defendant's prior motion in the District Court also opposed this motion. In an order dated October 7, 2021, the District Court granted the motion, vacated the judgments (SCTPVA docket number 180702405, now District Court docket number CR-023565-21SU, and [*3]SCTPVA docket number 181001466, now District Court docket number CR-023562-21SU), lifted the license suspensions, and dismissed the two SCTPVA matters. The People appeal from this order.
A motion to vacate a judgment can only be granted upon one of the specific grounds enumerated in CPL 440.10 (1). Here, defendant failed to provide a valid statutory basis for seeking vacatur of the two SCTPVA judgments. There also was no statutory basis for the court to have dismissed the two SCTPVA matters. Defendant requested this relief in furtherance of justice, pursuant to CPL 170.40. However, such a motion was not timely since it was not made within 45 days after defendants' arraignments upon the simplified traffic infractions in the two SCTPVA actions nor even prior to the entry of the judgments (see CPL 170.30 [2]; 255.20 [1]). In any event, the October 7, 2021 order does not indicate that the court considered any of the factors enumerated in CPL 170.40 and the court failed to set forth its reasons for the dismissal in its order (see CPL 170.40 [2]; People v Berrus, 1 NY3d 535, 536 [2003]; People v Colon, 86 NY2d 861, 863 [1995]; People v Rickert, 58 NY2d 122, 128 [1983]). Thus, the District Court should have denied the motion.
Accordingly, the order is reversed and defendant's motion is denied.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 30, 2023